# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* Ex Parte *Application of*<br><br>HP INC. and HP DEUTSCHLAND GMBH<br><br>   Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Civil Action No. _____ |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND MEMORANDUM IN SUPPORT

Dated: August 15, 2024

John V. Gorman (DE Bar No. 6599)
Amy M. Dudash (DE Bar No. 5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | NATURE AND STAGE OF PROCEEDINGS | 2 |
| III. | SUMMARY OF THE ARGUMENT | 3 |
| IV. | STATEMENT OF FACTS | 4 |
| | A. Relevant Background | 4 |
| | B. Information Requested | 5 |
| V. | ARGUMENT | 6 |
| | A. Legal Standard | 6 |
| | B. The Statutory Requirements of 28 U.S.C. § 1782 Are Satisfied Here | 8 |
| | C. The Discretionary *Intel* Factors Weigh in Favor of Granting the Application | 9 |
| VI. | CONCLUSION | 14 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Amazon.com, Inc.*,
 No. 1:24-cv-00493-GBW (D. Del. July 11, 2024) ................................................................... 3

*In re Apple Inc.*,
 No. MISC 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) ................................... 7

*In re Chevron Corp.*,
 633 F.3d 153 (3d Cir. 2011) .................................................................................................. 11

*In re del Valle Ruiz*,
 939 F.3d 520 (2d Cir. 2019) .................................................................................................... 8

*In re Germano dos Santos*,
 No. CV 22-1567 (ES), 2023 WL 4993673 (D.N.J. Aug. 4, 2023) .......................................... 7

*Heraeus Kulzer, GmBH v. Biomet, Inc.*,
 633 F.3d 591 (7th Cir. 2011) ................................................................................................. 11

*Heraeus Kulzer GmbH v. Esschem, Inc.*,
 390 F. App'x 88 (3d Cir. 2010) ............................................................................. 6, 7, 10, 12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004) ........................................................................................................ *passim*

*IPCom GmbH & Co. KG v. Apple Inc.*,
 61 F. Supp. 3d 919 (N.D. Cal. 2014) ....................................................................................... 7

*LEG Q LLC v. RSR Corp.*,
 No. 3:17-cv-1559-N-BN, 2017 WL 3780213 (N.D. Tex. Aug. 31, 2017) ............................. 10

*Maxell, Ltd. v. Apple Inc.*,
 No. 5:19-CV-00036-RWS, 2021 WL 3012355 (E.D. Tex. Jan. 27, 2021) ....................... 12, 13

*In re Michael Page do Brasil Ltda.*,
 No. 17-cv-4269-KM-JBC, 2019 WL 168828 (D.N.J. Jan. 10, 2019) ...................................... 9

*In re Nokia Techs. Oy*,
 No. 1:23-cv-1395-GBW, 2024 WL 1675025 (D. Del. Apr. 18, 2024) ............................... 8, 11

*Palantir Techs., Inc. v. Abramowitz*,
 415 F. Supp. 3d 907 (N.D. Cal. 2019) ................................................................................ 9, 10

*In re Qualcomm Inc.*,
 No. 5:24-mc-80019-EJD, 2024 WL 536355 (N.D. Cal. Feb. 9, 2024) .................................... 7

*In re Thales DIS AIS Deutschland GmbH*,
    No. 3:21-MC-303-S, 2021 WL 7707268 (N.D. Tex. Nov. 5, 2021) ........................................10

*In re Varian Med. Sys. Int'l AG*,
    No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) .................................11

**Statutes**

28 U.S.C. § 1782................................................................................................................ *passim*

*re Michael Page do Brasil Ltda.*, No. 17-cv-4269-KM-JBC .........................................................9

I.  **INTRODUCTION**

This Application under 28 U.S.C. § 1782 relates to litigation that Nokia Technologies Oy (collectively with Nokia Corporation, "Nokia") is pursuing in Europe. Applicants HP Inc. and HP Deutschland GmbH (collectively, "HP") spent years negotiating with Nokia toward a license to certain Nokia patents, before Nokia went silent in 2022. Then, over a year later, Nokia sued HP and its affiliates in jurisdictions around the world, including the United States, Europe, and Brazil. Among these suits are two proceedings involving European Patents that are pending in the Munich Regional Court in the Federal Republic of Germany (collectively, the "German Proceedings"). In the German Proceedings, Nokia alleges that HP infringes certain patents that Nokia has declared essential to the H.265 video coding standard set by the International Telecommunications Union (the "Relevant Standard"). Nokia has already produced the requested discovery to HP in proceedings before the International Trade Commission ("ITC"), but the protective orders governing discovery in those ITC proceedings prevent HP from using the Nokia-produced documents in the German Proceedings. HP seeks the discovery requested under § 1782 in support of HP's defenses in the German Proceedings.

This Application meets all statutory requirements of § 1782. *First*, Nokia is "found" in this District under § 1782 because it has availed itself of this District's jurisdiction, including with respect to the ongoing patent licensing dispute between Nokia and HP. *Second*, the requested discovery is "for use in a proceeding before a foreign tribunal" because HP seeks the requested discovery for use in support of its defenses in the German Proceedings. *Third*, HP is an "interested person" under § 1782 because it is a defendant in both of the German Proceedings.

The discretionary *Intel* factors also weigh in favor of granting the Application. *First*, although Nokia is a participant in the German Proceedings, that does not bar § 1782 aid because the discovery sought is likely not obtainable (but is also not prohibited) in the German Proceedings.

*Second*, absent explicit objection from the courts in Germany, there is no reason to believe these courts would object to § 1782 aid or reject the evidence sought. *Third*, similarly, the Application is not an attempt to circumvent proof-gathering restrictions in the German Proceedings; rather, the requested discovery would supplement, not circumvent, discovery in those cases. *Fourth*, and finally, the requested discovery is not unduly intrusive or burdensome, because HP's requested discovery is limited to documents that Nokia was already required to produce to HP—and indeed did produce—in proceedings before the ITC.

## II.  NATURE AND STAGE OF PROCEEDINGS

This Application is part of a global patent dispute in which Nokia has sued HP and its affiliates in jurisdictions around the world, including the United States, Europe, and Brazil.

In the United States, Nokia has sued HP in this District (Case No. 1:23-cv-01237-GBW) and initiated two investigations in the ITC (Inv. Nos. 337-TA-1379, -1380). *See* Declaration of Kevin J. Post ("Post Decl.") ¶¶ 6-8. Discovery is complete in both ITC proceedings, where Nokia has claimed to have produced all of its licenses with third parties relating to the Relevant Standards (over 200), along with negotiation documents and royalty reports related to those licenses. Nokia produced those documents subject to the strict provisions of the protective orders entered by the ITC. *Id.* ¶¶ 12-17. Indeed, in Inv. No. 337-TA-1379 (which now has proceeded to hearing), Nokia introduced as evidence its license agreements with third parties for Nokia's video codec patent portfolio; those agreements also were the subject of testimony proffered by multiple Nokia witnesses. *Id.* ¶ 16; **Exhibit E**. The final evidentiary hearing in Inv. No. 337-TA-1379 took place July 24-31, 2024, and the final evidentiary hearing in Inv. No. 337-TA-1380 is scheduled for September 9-13, 2024. *Id.* ¶ 15.

The German Proceedings relevant to this Application are two patent infringement cases pending in Munich, Germany, before the Munich I Regional Court—Case Nos. 7 O 14901/23 and

7 O 14902/23, in which Nokia asserts European Patents EP 2 774 375 and EP 2 375 749, respectively, against HP. Declaration of Stephan Dorn ("Dorn Decl.") ¶¶ 7-8. In both of the German Proceedings, the German court applied its case law and declined to compel Nokia to produce all of its third-party agreements and related communications; instead, Nokia was only ordered to produce those license agreements it voluntarily chose to produce. *Id.* ¶ 18; **Exhibit F**. Following this order, Nokia has produced approximately 100 license agreements (less than half of those it has produced in the ITC proceedings, but no related negotiation communications or royalty reports. *Id.* ¶ 19; Post Decl. ¶ 15.

In parallel with Nokia's litigation campaign against HP, Nokia has also sued Amazon.com, Inc. ("Amazon") in many of the same jurisdictions, including the ITC, where Amazon and HP are co-respondents. Amazon has sought nearly identical relief from this Court under § 1782, which the Court granted. *See In re Amazon.com, Inc.*, No. 1:24-cv-00493-GBW (D. Del. July 11, 2024).

### III.   SUMMARY OF THE ARGUMENT

1.   This Application meets all statutory requirements of § 1782. *First*, Nokia is "found" in this District under § 1782 because it has availed itself of this District's jurisdiction, including with respect to the ongoing patent licensing dispute between Nokia and HP. *Second*, the requested discovery is "for use in a proceeding before a foreign tribunal" because HP seeks the discovery for use in support of its defenses in the German Proceedings. *Third*, HP is an "interested person" under § 1782 because it is a defendant in both of the German Proceedings.

2.   The discretionary *Intel* factors also weigh in favor of granting the Application. *First*, although Nokia is a participant in the German Proceedings, that does not bar § 1782 aid because the discovery sought is likely not obtainable (but is also not prohibited) in the German Proceedings. *Second*, absent explicit objection from the courts in Germany, there is no reason to believe these courts would object to § 1782 aid or reject the evidence sought. *Third*, similarly, the

Application is not an attempt to circumvent proof-gathering restrictions in the German Proceedings; rather, the requested discovery would supplement, not circumvent, discovery in those cases. *Fourth*, and finally, the requested discovery is not unduly intrusive or burdensome, because HP's requested discovery is limited to documents that Nokia was already required to produce to HP—and indeed did produce—in proceedings before the ITC.

## IV. STATEMENT OF FACTS

### A. Relevant Background

Standard-setting organizations ("SSO") develop technical standards to increase interoperability and encourage innovations that lead to an increase in competition and improved products for consumers. One such SSO is the International Telecommunications Union, whose Telecommunications Standardization sector developed and published the H.265 Relevant Standard for video coding at issue in this case. *See* Dorn Decl. ¶ 6.

Nokia participated in the development of the Relevant Standard, and it owns many patents that it has declared essential to the Relevant Standard. Among Nokia's allegedly essential patents are several U.S. patents that Nokia has asserted against HP in the District of Delaware (Civil Action No. 23-cv-1237-GBW) and the ITC (Inv. Nos. 337-TA-1379, -1380), a Brazilian patent that Nokia has asserted against HP's Brazilian affiliate, and European patents that Nokia has asserted against HP in the German Proceedings. *See* Post Decl. ¶¶ 6-8. By declaring its patents essential, Nokia committed to grant licenses on reasonable and non-discriminatory ("RAND") terms. *Id.* ¶ 4.

Nokia first contacted HP in October 2019 regarding a possible license to Nokia's video codec patents, with negotiations relating to the Relevant Standard commencing in 2021. Post Decl. ¶ 4. The parties negotiated toward a license until August 2022, when HP proposed a phone call, and Nokia never responded. *Id.* ¶¶ 5-6. Nokia remained silent for over a year before initiating a global litigation campaign alleging infringement of Nokia's patents declared essential to the

Relevant Standard and other standards, including the cases noted above in the United States and Brazil, and the German Proceedings in Europe. *Id.* ¶¶ 6-8. The German Proceedings relevant to this Application are two patent infringement cases seated in Munich, Germany, before the Munich I Regional Court—Case Nos. 7 O 14901/23 and 7 O 14902/23, in which Nokia asserts European Patents EP 2 774 375 and EP 2 375 749, respectively, against HP. Dorn Decl. ¶¶ 7-8.

In both of the German Proceedings, HP's defenses include arguments related to Nokia's conduct in licensing its patents declared essential to the Relevant Standard, as well as the appropriate royalty rate (RAND or otherwise) if HP is found to infringe the Nokia patents asserted in the German Proceedings. *Id.* ¶ 10.

### B. Information Requested

To support HP's defenses in the German Proceedings, HP seeks the documents identified in the requests included in the form subpoena *duces tecum* attached hereto as **Exhibit A**.

The requested documents include (1) Nokia's license agreements related to the patents asserted in the German Proceedings or otherwise declared essential to the Relevant Standard, (2) Nokia's documents and communications related to the negotiation of those license agreements, and (3) Nokia's documents related to the royalties received under those license agreements. These requested documents are relevant to determining the appropriate royalty rate (RAND or otherwise) for any of Nokia's patents that HP is found to infringe and for evaluating whether Nokia complied with its RAND obligations. Dorn Decl. ¶¶ 10-13.

Notably, the document requests in Exhibit A are substantively identical to document requests that HP already served on Nokia in both pending investigations before the ITC. Post Decl. ¶ 14. There, Nokia sued HP, Inc., alleging infringement of U.S. patents that, like the European patents at issue in the German Proceedings, Nokia has declared essential to the Relevant Standard and the related H.264 standard. Fact discovery has ended in both of those investigations,

and the evidentiary record is closed in one of them (Inv. No. 337-TA-1379). *Id.* ¶¶ 15-16. Critically, Nokia already has produced the documents requested in this Application (including over 200 license agreements), but the protective orders in those ITC proceedings only permit HP to use those documents in the ITC proceedings. *Id.* ¶¶ 15-17. HP's counsel in Germany has requested that Nokia voluntarily produce the requested license agreements for use in the German Proceedings, but Nokia has declined to do so. Dorn Decl. ¶¶ 10-11. Instead, Nokia has produced only a subset of approximately 100 license agreements that it represents are the most relevant—and none of the related negotiation communications or royalty reports. *Id.* ¶¶ 18-19.

If the Court grants the Application, HP would be amenable to a similar protective order limiting HP's use of the requested documents to the German Proceedings. Dorn Decl. ¶ 14; Post Decl. ¶ 10. A proposed protective order is attached hereto as **Exhibit B**. The proposed protective order is based on the protective orders in the ITC proceedings, which are attached hereto as **Exhibit C** and **Exhibit D**. *See* Post Decl. ¶¶ 10-13.

## V. ARGUMENT

### A. Legal Standard

Under 28 U.S.C. § 1782, the Court may order the production of documents or testimony for use in a foreign legal proceeding before a foreign or international tribunal. 28 U.S.C. § 1782(a).

Before the Court can order discovery under § 1782, three statutory requirements must be met: (1) the discovery is sought from a person who "resides or is found in" the district of the court to which the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the applicant, if a private party, is an "interested person." *Id.*; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004); *Heraeus Kulzer GmbH v. Esschem, Inc.*, 390 F. App'x 88, 91 (3d Cir. 2010).

If the statutory requirements are met, the Court "retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable." *In re Qualcomm Inc.*, No. 5:24-mc-80019-EJD, 2024 WL 536355, at *2 (N.D. Cal. Feb. 9, 2024) (citing *Intel*, 542 U.S. at 260-61). In *Intel*, the Supreme Court identified four discretionary factors for district courts to consider when ruling on a § 1782 application: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the § 1782(a) request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-66; *Kulzer v. Esschem*, 390 F. App'x at 91.

Applications under § 1782 are typically filed, and often decided, on an *ex parte* basis. *See, e.g.*, *In re Germano dos Santos*, No. CV 22-1567 (ES), 2023 WL 4993673, at *12 (D.N.J. Aug. 4, 2023), *aff'd*, 2024 WL 1006259 (D.N.J. Mar. 8, 2024), *appeal docketed*, No. 24-1640 (3d Cir. Apr. 11, 2024). This is because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). Moreover, courts routinely approve petitions to obtain discovery of license agreements for use in foreign patent litigation, including German proceedings, *id.* at 921, and they have previously required production of Nokia's licenses in particular, *In re Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *3 (N.D. Cal. May 2, 2012).

### B. The Statutory Requirements of 28 U.S.C. § 1782 Are Satisfied Here

The Application meets all statutory requirements of § 1782, because (1) Nokia is "found" in this District under § 1782 because it has availed itself of this District's jurisdiction; (2) HP seeks the requested discovery "for use in" support of its defenses in the German Proceedings; and (3) is an "interested person" under § 1782 because it is a defendant in both of the German Proceedings.

#### 1. Nokia Is "Found" in this District

Nokia is "found" in this District for purposes of § 1782. Courts have held that the statute's "'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). Nokia is currently litigating patent disputes in this District against both HP (Civil Action No. 23-cv-1237-GBW) and Amazon (Civil Action Nos. 1:23-cv-1232-GBW; 1:23-cv-1236-GBW[1]), and it has therefore availed itself of the laws and jurisdiction of the United States and this Court—at least with respect to patent litigation discovery issues and the ongoing patent licensing dispute between Nokia and HP. Accordingly, Nokia is "found" in this District, and the first statutory requirement is met. 28 U.S.C. § 1782(a).

#### 2. The Discovery Requested Is for Use in the German Proceedings

The discovery requested is sought for use in the German Proceedings. Specifically, as explained above, Nokia has sued HP in both of the currently pending Munich-based cases that compose the German Proceedings. Dorn Decl. ¶¶ 6-8. HP will use the requested discovery to support its defenses in each of those cases. *Id.* ¶¶ 10-13. Because HP requests discovery "for use in" the German Proceedings, the second statutory requirement is met. 28 U.S.C. § 1782(a).

---

[1] Nokia also filed a § 1782 application against Amazon in this District. *In re Nokia Techs. Oy*, No. 1:23-cv-1395-GBW, 2024 WL 1675025 (D. Del. Apr. 18, 2024).

### 3. HP Is an "Interested Person" in the German Proceedings

HP is an "interested person" because it is the defendant in the German Proceedings. Dorn Decl. ¶¶ 1, 6-8. "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256; *see also In re Michael Page do Brasil Ltda.*, No. 17-cv-4269-KM-JBC, 2019 WL 168828, at *5 (D.N.J. Jan. 10, 2019). The third statutory requirement is therefore met. 28 U.S.C. § 1782(a).

### C. The Discretionary *Intel* Factors Weigh in Favor of Granting the Application

Because the statutory requirements are met, the Court has wide discretion to grant the Application. *See Intel*, 542 U.S. at 260-61. Moreover, each of the discretionary Intel factors also weighs in favor of granting the Application, because (1) although Nokia is a participant in the German Proceedings, the discovery sought is likely not obtainable (but is also not prohibited) in the German Proceedings; (2) there is no reason to believe the courts in the German Proceedings would object to § 1782 aid or reject the evidence sought; (3) similarly, the Application is an attempt to supplement, not circumvent, discovery in the German Proceedings; and (4) the requested discovery is not unduly intrusive or burdensome, because HP's requested discovery is limited to documents that Nokia has already produced to HP in proceedings before the ITC.

### 1. The Discovery Sought Is Unavailable in the German Proceedings

The first *Intel* factor—connection to the foreign proceeding—weighs in favor of granting the Application. Although Nokia Technologies Oy is a participant (the plaintiff) in both of the German Proceedings, this does not bar discovery under § 1782, because the discovery sought is unavailable in the German Proceedings. There is "no rule that 1782 applications can only be granted where the party from whom discovery is sought is not a party to the foreign proceeding." *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019). Instead, the party's "connection to the foreign proceeding is part of a broader inquiry: whether the discovery

is outside the foreign tribunal's jurisdictional reach, and thus unobtainable absent § 1782(a) aid." *LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 WL 3780213, at *8 (N.D. Tex. Aug. 31, 2017) (internal quotation marks and citations omitted); *see also Intel*, 542 U.S. at 260-61 (explaining that Congress did not intend to create a "foreign-discoverability" rule).

The discovery sought is likely to be unavailable from the courts in the German Proceedings. U.S. courts have found that German courts will generally only require production of specifically identified documents, and possibly only documents located in Germany. *See, e.g.*, *In re Thales DIS AIS Deutschland GmbH*, No. 3:21-MC-303-S, 2021 WL 7707268 (N.D. Tex. Nov. 5, 2021) (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2011)); *Palantir*, 415 F. Supp. 3d at 913 (finding that the German court could not compel discovery but could "only request the submission of documents particularly specified or referred by a party"). Courts accordingly consider it reasonable to grant § 1782 applications in support of German proceedings. *See Kulzer v. Esschem*, 390 F. App'x at 92.

The same is true of the Munich-seated courts in the German Proceedings here. Dorn Decl. ¶¶ 15-18. HP has requested that Nokia voluntarily produce the requested license agreements for use in the German Proceedings, but Nokia has declined to do so. *Id.* ¶ 11. Although the court in the German Proceedings declined to compel Nokia to produce any of the requested documents beyond the limited number of licenses it voluntarily chooses to produce, *see id.* ¶¶ 18-19; **Exhibit F**, this only confirms that the discovery sought is unavailable in the German Proceedings.

Because the courts in the German Proceedings cannot compel the discovery sought in the Application, the first *Intel* factor weighs in favor of granting the Application.

    **2.**  **There Is No Reason the Foreign Courts Would Object to § 1782 Aid**

The second *Intel* factor—the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency

abroad to U.S. federal-court judicial assistance"—also weighs in favor of granting the Application. Under this factor, the party opposing discovery bears the "burden of demonstrating offense to the foreign jurisdiction." *In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011) (citing *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 190 (3d Cir.1999)). "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (internal quotation marks omitted). "Indeed, German courts have previously considered evidence obtained pursuant to § 1782." *In re Nokia*, 2024 WL 1675025, at *4 (citing *In re Gen. Elec. Co.*, No. 1:22-cv-91125-IT, 2022 WL 16720425, *6 (D. Mass. Nov. 4, 2022); *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-mc-193-RGA, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013)).

Here, the discovery sought is relevant to the defenses that HP has raised in the German Proceedings. *See* Dorn Decl. ¶¶ 10-13. Specifically, the license agreements, negotiation documents, and royalty rate documents that HP seeks will be relevant to HP's defenses regarding Nokia's misconduct in attempting to license its patents declared essential to the Relevant Standard at supra-RAND rates, as well as the appropriate royalty rate (RAND or otherwise) if HP is found to infringe the Nokia patents asserted in the German Proceedings. *Id.* ¶ 12. HP is not aware of any reason that any of the courts in the German Proceedings would reject such evidence relevant to HP's properly raised defenses. *See id.* ¶¶ 20-24 (explaining that the German courts are receptive to discovery obtained under § 1782); *see also Kulzer v. Biomet*, 633 F.3d at 597 ("[T]here is nothing to suggest that the German court would be affronted by [the applicant's] recourse to U.S. discovery or would refuse to admit any evidence, or at least any probative evidence . . . that the discovery produced.")

Because the requested discovery is relevant to HP's defenses in the German Proceedings, and there is no indication that the courts in the German Proceedings would not be receptive to this evidence, the second *Intel* factor weighs in favor of granting the Application.

### 3. The Application Does Not Circumvent Foreign Discovery Restrictions

The third *Intel* factor—whether the applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also weighs in favor of granting the Application. The question is "whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules." *Kulzer v. Esschem*, 390 F. App'x at 91. The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's laws or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 260-61; *see also Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 3012355, at *3-4 (E.D. Tex. Jan. 27, 2021) (approving § 1782 discovery where the applicant sought "materials it cannot require [the other party] to produce in the German Proceedings, not materials that the German courts have explicitly prohibited").

The Application is not an attempt to circumvent any proof-gathering restrictions of any court, nor would it have that effect. HP is not aware of any such restrictions imposed in the German Proceedings. Dorn Decl. ¶¶ 22-23 (explaining that no rule in the German courts prohibits a party from seeking evidence, or using evidence obtained, pursuant to § 1782). The third *Intel* factor weighs in favor of granting the Application.

### 4. The Requested Discovery Is Not Unduly Intrusive or Burdensome

Finally, the fourth *Intel* factor—whether the requested discovery is "unduly intrusive or burdensome"—also weighs in favor of granting the Application. The proposed subpoena *duces tecum* to Nokia in Exhibit A seeks only a narrow set of clearly defined and closely related license

agreements, negotiation documents, and royalty rate documents—all of which have already been produced by Nokia to HP in the pending ITC proceedings. Post Decl. ¶¶ 14-16.

The burden on Nokia is minimal—each of the document requests is identical to a document request that HP already served on Nokia in the pending ITC investigations before the ITC (though the definitions governing the requests are slightly revised to account for the different forum and the different asserted patents). *Id.* ¶ 14. Fact discovery has ended in both of those investigations, so Nokia has already produced the very documents requested in this Application, and those documents are already in the possession of HP's counsel. *Id.* ¶¶ 15-16. The only reason this Application is necessary at all is because the protective orders in those ITC proceedings prevent HP from using documents in the ITC investigations in other contexts, including the German Proceedings. *Id.* ¶ 17; Exs. C-D. All Nokia would need to do in response to the requested discovery would be to re-produce documents it has produced in the ITC proceedings—or even just to consent to HP using them in the German Proceedings under appropriate confidentiality restrictions. At most, this is nothing more than a mail-merge task: Nokia need only update the same third parties that it already sent notices to before producing the very same documents in the ITC proceedings. "These materials have already been produced, so there is little left for [Nokia] to do." *Maxell*, 2021 WL 3012355, at *4.

Finally, as noted above, if the Court grants the Application, HP would be amenable to a similar protective order restricting HP from using the requested documents outside of the German Proceedings. Dorn Decl. ¶ 14; Post Decl. ¶ 10. HP's proposed protective order (Exhibit B) is modeled as closely as possible to the ITC's protective orders (Exhibits C-D), including preventing the sharing of confidential business information with in-house counsel. This additional protection should not be necessary given that Nokia has already voluntarily produced half of the requested

agreements in the German Proceedings, but HP is nevertheless willing to accept the same strict confidentiality provisions for the requested documents that are already in place in the ITC, to ensure there is no additional prejudice to the confidentiality interests of Nokia and third parties. Because Nokia will not be unduly burdened by the requested discovery, and any confidentiality concerns can be addressed through a protective order if needed, the fourth *Intel* factor weighs in favor of granting the Application.

## VI.     CONCLUSION

Because the Application meets the requirements of 28 U.S.C. § 1782, and the discretionary *Intel* factors weigh in favor granting the Application, HP respectfully requests that the Court issue an *Ex Parte* Order granting the Application and authorizing the issuance of the subpoena *duces tecum* in the form attached to the Application as Exhibit A.

Dated: August 15, 2024

*Of counsel:*

Brent A. Hawkins*
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
brent.hawkins@morganlewis.com
Telephone: 415.442.1449

Rick L. Rambo*
David J. Levy*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
rick.rambo@morganlewis.com
david.levy@morganlewis.com
Telephone: 713.890.5170

Kevin J. Post*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
kevin.post@ropesgray.com
Telephone: 212.596.9000

Matthew J. Rizzolo*
Ryan C. Brunner*
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
matthew.rizzolo@ropesgray.com
ryan.brunner@ropesgray.com
Telephone: 202.508.4693

**pro hac vice forthcoming*

Respectfully submitted,

By: */s/ John V. Gorman*

John V. Gorman (DE Bar No. 6599)
Amy M. Dudash (DE Bar No. 5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302.574.3000
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

***Attorneys for Applicants HP, Inc. and HP Deutschland GmbH***